

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) BODHI CHANCE STARNS, and<br>(2) LUCAS DON MILLER-ALLEN,<br>individually and on behalf of all others<br>similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>(1) CHRISTIAN ALCOHOLICS &<br>ADDICTS IN RECOVERY, INC.,<br>(2) SIMMONS FOODS, INC.,<br>(3) SIMMONS PET FOOD, INC.,<br>(4) JANET WILKERSON, and<br>(5) DOES1-10, inclusive,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-574-GKF-FHM<br><br><br>**COLLECTIVE AND CLASS ACTION<br>COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Bodhi Chance Starns and Lucas Don Miller-Allen (together, "Named

Plaintiffs"), on behalf of themselves and all others similarly situated, are informed and

believe and thereupon allege the following:

## I.    INTRODUCTION

1.    This suit seeks to recover damages, including unpaid wages, on behalf of

young men who have been forced to work for no pay.

2.    Defendant Christian Alcoholics & Addicts in Recovery, Inc. holds itself out

as a long-term residential drug and alcohol recovery program.  In fact, however, CAAIR,

1

which was formed and is operated by a former poultry company executive, defendant Janet Wilkerson, is not certified as a treatment provider by the Oklahoma Department of Mental Health and Substance Abuse Services and provides no meaningful treatment for its residents. Instead, CAAIR simply compels the young men who reside at its facilities to work fulltime for large corporations, including defendants Simmons Foods, Inc. ("Simmons Foods") and Simmons Pet Food, Inc. ("Simmons Pet Food"), performing grueling and frequently dangerous work at poultry and pet food processing plants. The residents of CAAIR receive no wages whatsoever for this work. Instead, all wages are transmitted directly to CAAIR, which keeps them for its own use and benefit.

3.     Many residents of CAAIR are sent to CAAIR by Oklahoma drugs courts so that they can receive drug and alcohol treatment. Instead of providing such treatment, however, CAAIR, which is not a qualified treatment provider under the Oklahoma Drug Court Act and its implementing regulations, simply uses these men for its own benefit and for the profits of its corporate partners. While systematically denying these young men the counseling and rehabilitation they were promised, CAAIR, together with the other defendants, constantly threatens to ensure that they are sent to prison if they complain about their involuntary servitude.

4.     In short, CAAIR, with the material cooperation and assistance of the other defendants in this action, operates a forced labor camp – enterprises long outlawed in Oklahoma, in the United States and, indeed, throughout the civilized world.

5.     In response to this unlawful conduct, Named Plaintiffs bring these claims under the federal Fair Labor Standards Act ("FLSA"), the federal Racketeer Influenced

2

and Corrupt Organizations Acts ("RICO"), and the laws of Oklahoma, Arkansas, and Missouri.  Defendants violate these laws by failing to pay minimum and overtime wages, by engaging in human trafficking for labor in violation of 21 Okl. St. § 748, and by conducting and conspiring to conduct CAAIR through a pattern of involuntary servitude. For these violations, and pursuant to Federal Rule of Civil Procedure 23 and section 216(B) of the FLSA, Named Plaintiffs seek, on behalf of themselves and all others similarly situated, damages, unpaid wages, liquidated damages, punitive damages, restitution, disgorgement, attorney's fees, costs, and declaratory relief.

## II.    OVERVIEW OF CLAIMS

6.    Named Plaintiffs bring FLSA collective action claims under 29 U.S.C § 216(b) against defendants CAAIR, Simmons Foods, and Simmons Pet Food for unpaid minimum and overtime wages in violation of 29 U.S.C. §§ 206(a) and 207(a).

7.    Named Plaintiffs' FLSA claims are brought on behalf of all persons who, at any time within the last three years, have performed work at any Simmons Foods or Simmons Pet Food facility while residing at CAAIR.

8.    Named Plaintiffs also bring class action claims under FRCP 23 and 18 U.S.C. § 1964(c) against all defendants for violation of the RICO Act.  These claims are brought against defendant Wilkerson for conducting the affairs of CAAIR through a pattern of holding persons to involuntary servitude (which constitutes racketeering activity as defined by 18 U.S.C. § 1961) in violation of 18 U.S.C. §§ 1584(a) and 1962(c); and against the remaining defendants for conspiring with Ms. Wilkerson, in violation of 18 U.S.C. § 1962(d), to conduct the affairs of CAAIR in this manner.

9. Named Plaintiffs' RICO claims are brought on behalf of all persons who, at any time in the last four years, have performed work at any Simmons Foods or Simmons Pet Food facility while residing at CAAIR.

10. Named Plaintiffs also bring a class action claim under Federal Rule of Civil Procedure 23 and 21 Okl. St. § 748.2(B) against defendants CAAIR, Simmons Foods, and Simmons Pet Food for human trafficking for labor in violation of Okl. St. § 748.

11. Named Plaintiffs' human trafficking claim is brought on behalf of all persons who, at any time within the last five years, have performed work at any Simmons Foods or Simmons Pet Food facility while residing at CAAIR.

12. Named Plaintiffs also bring class action claims under FRCP 23 and A.C.A. § 11-4-218 against defendants CAAIR, Simmons Foods, and Simmons Pet Food for failure to pay minimum and overtime wages in violation of the Minimum Wage Act of the State of Arkansas (A.C.A. § 11-4-201, *et seq*.), including A.C.A. §§ 11-4-210(a) and 11-4-211(a).

13. Named Plaintiffs bring these claims on behalf of all persons who, at any time in the last three years, have performed work at any Simmons Foods or Simmons Pet Food facility in the State of Arkansas while residing at CAAIR.

14. Named Plaintiffs also bring class action claims under FRCP 23 and § 290.527 R.S.Mo against defendants CAAIR, Simmons Foods, and Simmons Pet Food for failure to pay minimum and overtime wages in violation of the laws of Missouri, including § 290.502 R.S.Mo. and § 290.505 R.S.Mo.

15. Named Plaintiffs bring these claims on behalf of all persons who, at any

4

time in the last two years, have performed work at any Simmons Foods or Simmons Pet Food facility in the State of Missouri while residing at CAAIR.

16.    Named Plaintiffs also bring class action claims under FRCP 23 against defendants CAAIR, Simmons Foods, and Simmons Pet Food for unjust enrichment by failure pay straight time wages.[1]

17.    Named Plaintiffs bring these claims on behalf of all persons who, at any time in the last five years,[2] have performed work at any Simmons Foods or Simmons Pet Food facility in the State of Missouri while residing at CAAIR

## III.    PARTIES

18.    Defendant Christian Alcoholics & Addicts in Recovery, Inc. is an Oklahoma corporation, registered as a charitable organization, with its principal place of business in Jay, Oklahoma.  CAAIR does substantial business in this judicial district.

19.    Defendant Janet Wilkerson is a natural person.  Ms. Wilkerson is a co-founder of CAAIR and is CAAIR's chief executive officer.

20.    Defendant Simmons Foods, Inc. is an Arkansas, for-profit business corporation headquartered in Siloam Springs, Arkansas.  Simmons Foods does substantial business in Oklahoma and in this judicial district.  Simmons Foods operates a processing

---

[1] *See*, *Davenport v. Charter Communs., LLC*, 2013 U.S. Dist. LEXIS 35534 (E.D. Mo. Mar. 13, 2013), at *4-5.

[2] *See*, *Trapp v. O. Lee, LLC*, 918 F. Supp. 2d 911, 914 (E.D. Mo. 2013) (applying the five-year statute of limitations period of § 516.120 R.S.Mo. to claims for straight time wages made pursuant to an unjust enrichment theory); *Short v. Nat'l Asset Recovery Servs.*, 2013 U.S. Dist. LEXIS 94580, at *3-7 (E.D. Mo. July 8, 2013) (same); *Davenport*, 2013 U.S. Dist. LEXIS 35534, at *4-5 (same).

plant in Fairland, Oklahoma, and contracts for labor with CAAIR in Oklahoma.
Simmons Foods also operates processing plants in Southwest City, Missouri, and
Decatur, Arkansas.

21.     Defendant Simmons Pet Food, Inc. is an Arkansas for-profit business
corporation headquartered in Siloam Springs, Arkansas.  Simmons Pet Food does
substantial business in Oklahoma and in this judicial district.  Simmons Pet Food
maintains operations in Fort Gibson, Oklahoma, and contracts for labor with CAAIR in
Oklahoma.  Simmons Pet Food also operates a processing plant in Decatur, Arkansas.

22.     Plaintiff Bodhi Chance Starns was a resident at CAAIR from approximately
August 2015 until July 2016.  After being sent to CAAIR, Plaintiff Starns was forced by
CAAIR to work, with no compensation whatsoever, at the Simmons Foods poultry
processing plant in Southwest City, Missouri, and the Simmons Foods poultry processing
plant in Decatur, Arkansas.  Mr. Starns was not paid at all for this work, including when
he worked over 40 hours in a week.  Instead, all of Mr. Starns's wages were sent by
Simmons Foods directly to CAAIR, which kept them all.  Mr. Starns is a resident of Ada,
Oklahoma.

23.     Attached hereto as **Exhibit A** is a true and correct copy of Mr. Starn's
consent to become a party plaintiff pursuant to 29 U.S.C. § 216(b).

24.     Plaintiff Lucas Don Miller-Allen was a resident at CAAIR from
approximately January 2014 until October or November 2014.  While at CAAIR, Mr.
Miller-Allen was sent by CAAIR and forced to work, with no compensation whatsoever,
at the Simmons Foods poultry processing plant in Southwest City, Missouri, and the

6

Simmons Pet Food plant in Decatur, Arkansas.  Mr. Miller-Allen was not paid anything for this work, including when he worked over 40 hours in a week.  Instead, all of his wages were sent by Simmons Foods and Simmons Pet Food directly to CAAIR, which kept them all.  Mr. Miller-Allen is a resident of Ada, Oklahoma.

25.    Attached hereto as **Exhibit B** is a true and correct copy of Mr. Miller-Allen's consent to become a party plaintiff pursuant to 29 U.S.C. § 216(b).

## IV.    VENUE AND JURISDICTION

26.    This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*., and the RICO Act, 18 U.S.C. § 1961, *et seq*.

27.    This Court has supplemental subject matter jurisdiction under 28 U.S.C § 1367 for all claims asserted under the laws of Oklahoma, Missouri, and Arkansas (the "State Law Claims") because these claims are part of the same case and controversy as the FLSA and RICO claims; the federal and State Law Claims derive from a common nucleus of operative fact; the State Law Claims will not substantially dominate over the FLSA claims; and exercising supplemental jurisdiction will be in the interests of judicial economy, convenience, fairness, and comity.

28.    Independently, this Court has original subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in this action will exceed $5,000,000 and the parties to this action are residents of different states.

29.    This Court has specific personal jurisdiction for all claims against the

defendants because the defendants have availed themselves of the privileges of conducting business in Oklahoma and a substantial portion of the events giving rise to this suit, including the contracting and transmission of unlawful labor, occurred in Oklahoma and resulted from defendants' contacts with this forum.

30.    This Court has general personal jurisdiction for all claims against the defendants because their affiliations with the State of Oklahoma are sufficiently continuous and systematic to render the defendants essentially at home in this state. Further, this Court has general person jurisdiction over defendants CAAIR and Janet Wilkerson because the former is incorporated and has its principal place of business in Oklahoma, and because the latter is a resident of Oklahoma.

31.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events, acts, and or omissions giving rise to the claims asserted in this suit occurred in this District.

32.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because defendants CAAIR, Simmons Foods, and Simmons Pet Food are subject to this Court's personal jurisdiction and therefore reside in this District, and because defendant Janet Wilkerson is a natural person who resides in this District.

V.    **FACTUAL ALLEGATIONS**

A.    **General Factual Allegations**

33.    CAAIR holds itself out as a long-term residential drug and alcohol recovery program.  In fact, however, CAAIR, is not certified as a treatment provider by the Oklahoma Department of Mental Health and Substance Abuse Services ("ODMHSAS"),

8

and CAAIR provides no meaningful treatment for its residents.

34.     43A Okl. St. § 3-415(A) provides that only facilities certified by the Oklahoma Board of Mental Health and Substance Abuse Services ("OBMHSAS")[3] may provide alcohol and drug treatment and rehabilitation services.[4]  CAAIR does not meet, and has never met, the requirements for such certification, and provides virtually nothing in the way of legitimate treatment services for its residents, which it calls "clients."

35.     In fact, drug and alcohol treatment was never the intended purpose of CAAIR.  Rather, CAAIR was started by defendant Wilkerson, a former executive at Peterson Farms, Inc., a chicken processing company; by Rodney Dunnam, a business man with a background in the cattle industry; and by Louise Dunnam, a purported HR specialist.  None of these founders had any background in drug and alcohol treatment. CAAIR's purpose was and is to provide income to itself and its founders while providing cheap labor to third-party agricultural interests affiliated with CAAIR.  CAAIR's business model is to locate and control vulnerable persons, many of whom are desperately in need of meaningful treatment; compel them to work fulltime for Simmons Foods, Simmons Pet Food, and other corporations with whom CAAIR contracts; and keep all of their wages.  CAAIR calls this forced labor "treatment" while denying its patients any semblance of actual psychiatric or medical care.

---

[3] The OBMHSAS is the governing board of the ODMHSAS.  43A Okl. St. § 2-101(A)(2).
[4] Similarly, in its Adult Treatment Court Manual, promulgated pursuant to section 471.10(B) of the Oklahoma Drug Court Act (22 Okl. St. § 471, *et seq*.), the ODMHSAS provides that treatment agencies utilized by the state's drug courts must be contracted with the ODMHSAS for treatment or be certified by the ODMHSAS.

36.    Many residents arrive at CAAIR by way of Oklahoma's drugs courts.  This stream of forced laborers is procured by CAAIR's uniform misrepresentations that it is a legitimate treatment facility.  Once clients are sent to CAAIR for supposed treatment, CAAIR immediately denies them any treatment and instead sends them to work for private corporations.  The work performed for these third-parties, including Simmons Foods and Simmons Pet Food, is grueling and frequently dangerous.  The putative class members, including both Named Plaintiffs, who comprise CAAIR's residents regularly work over 40 hours a week at Simmons Foods and Simmons Pet Food facilities.  They receive no wages for this work, let alone premium wages for overtime worked.  Instead, the putative class members' pay is delivered directly to CAAIR, which keeps it all.

37.    CAAIR's mistreatment of it residents does not stop with forced labor for no pay.  When putative-class-member-workers are injured they are not provided with adequate, often any, medical care and are instead ordered to work while injured.  CAAIR staff, as well as staff at Simmons Foods and Simmons Pet Food facilities, threaten to send the putative class members to prison if their work is deemed unsatisfactory or if they complain that they cannot work due to injuries.  CAAIR even files workers compensation claims on behalf of its injured residents, and then keeps every penny paid for such claims.  Defendant Wilkerson has openly admitted to this conduct, publicly stating: "That's the way it works."  "Yes, we did keep [the workers compensation money of clients]," Wilkerson stated. "Right, wrong or indifferent, that's what happened."

38.    Defendants are and were joint and co-employers of Named Plaintiffs and all CAAIR residents because, *inter alia*, all defendants direct, control, and supervise the

work performed by these employees; these employees' work is an integral part of the defendants' businesses; and the defendants control the employment conditions of these employees.

39. Defendants acted in concert to engage in the conduct complained of herein by virtue of mutual arrangements and contracts to provide labor for the production of agricultural products for commerce, to withhold wages, and to hold Named Plaintiffs and all CAAIR residents in involuntary servitude.

**B.    Facts Relevant to Named Plaintiffs' RICO Claims**

40. Defendant Wilkerson is chief executive officer of CAAIR, which is an enterprise engaged in and affecting interstate commerce by virtue of its provision of labor to defendants Simmons Foods and Simmons Pet Food, which manufacture products for interstate commerce, and by virtue of its transportation of that labor across state lines. As CAAIR's CEO, defendant Wilkerson is employed by and is associated with CAAIR. Further, as CAAIR's CEO, Ms. Wilkerson is responsible for devising and implementing CAAIR policy, a fundamental and essential component of which is involuntary servitude, a racketeering activity under 18 U.S.C. § 1961. Defendant Wilkerson therefore conducts the affairs of CAAIR through a pattern of racketeering activity, which is, in fact, the basis of CAAIR's entire business model.

41. Defendants CAAIR, Simmons Foods, and Simmons Pet Food conspire with defendant Wilkerson to engage in this conduct by executing explicit agreements and contracts for the provision of involuntary labor, agreeing to withhold wages from CAAIR residents, transmitting earned wages directly to CAAIR, receiving labor transported

across state lines by CAAIR, and operating businesses which substantially rely on unpaid, unlawful labor.

### C. Facts Related to Willfulness of Violations

42. The violations of law described herein were and are knowing, intentional, and willful. Defendants have engaged, and continue to engage, in the conduct alleged herein by systematic, calculated policy. Defendants are advised by sophisticated and informed legal counsel and human resources professionals who were, or should have been, aware of the legal requirements violated by the conduct alleged herein. Defendants therefore acted in knowing violation of the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

### A. FLSA Class Definition

43. Named Plaintiffs bring causes of action one and two as a nationwide opt-in collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and the following class (the "FLSA Class"):

> All persons who, at any time from three years prior to the filing of this action through the trial date, have performed work at any Simmons Foods or Simmons Pet Food facility while residing at CAAIR.

44. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

/ / /

B.     **FLSA Requirements**

45.     Named Plaintiffs and the members of the putative FLSA Class are or were, at all relevant times, employees engaged in commerce or the production of goods for commerce, and are or were employed by enterprises (namely, CAAIR, Simmons Foods, and Simmons Pet Food) engaged in commerce or the production of goods for commerce as contemplated by 29 U.S.C. § 206(a) and 207(a).

46.     Defendants CAAIR, Simmons Foods, and Simmons Pet Food are "employers" as that term is defined by 29 U.S.C. § 203(d); and are "enterprises engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s)(1)(A), including by virtue of respective annual gross volumes of sales and business exceeding $500,000.

47.     None of the exemptions from the FLSA's minimum wage and overtime requirements, including those contained in 29 U.S.C. § 213, apply to Named Plaintiffs or to the members of the FLSA Class.

## VII.   CLASS ACTION ALLEGATIONS

A.     **Rule 23 Class Definitions**

1.     **The RICO Rule 23 Class**

48.     Named Plaintiffs bring causes of action three and four as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "RICO Rule 23 Class"):

> All persons who, at any time from four years prior to the filing
> of this action through the trial date, have performed work at

any Simmons Foods or Simmons Pet Food facility while

residing at CAAIR.

### 2.    The Oklahoma Human Trafficking Rule 23 Class

49.    Named Plaintiffs bring cause of action five as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Oklahoma Human Trafficking Rule 23 Class"):

> All persons who, at any time from five years prior to the filing
> of this action through the trial date, have performed work at
> any Simmons Foods or Simmons Pet Food facility while
> residing at CAAIR.

### 3.    The Arkansas Wage Law Rule 23 Class

50.    Named Plaintiffs bring causes of action six and as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Arkansas Wage Law Rule 23 Class"):

> All persons who, at any time from three years prior to the filing
> of this action through the trial date, have performed work at
> any Simmons Foods or Simmons Pet Food facility in the state
> of Arkansas while residing at CAAIR.

### 4.    The Missouri Wage Law Rule 23 Class

51.    Named Plaintiffs bring causes of action eight and nine as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Missouri Wage Law Rule 23 Class"):

All persons who, at any time from two years prior to the filing

of this action through the trial date, have performed work at

any Simmons Foods or Simmons Pet Food facility in the state

of Missouri while residing at CAAIR.

### 5.    The Missouri Unjust Enrichment Rule 23 Class

52.    Named Plaintiffs bring cause of action ten as a class action pursuant to

FRCP 23 on behalf of themselves and the following class (the "Missouri Unjust

Enrichment Rule 23 Class"):

All persons who, at any time from five years prior to the filing

of this action through the trial date, have performed work at

any Simmons Foods or Simmons Pet Food facility in the state

of Missouri while residing at CAAIR.

### B.    Propriety of Certification Under FRCP 23(a)

### 1.    Numerosity

53.    The members of the RICO, Oklahoma Human Trafficking, Arkansas Wage

Law, Missouri Wage Law, and Missouri Unjust Enrichment Rule 23 Classes are so

numerous that joinder of all members is impracticable.  The exact number is currently

unknown to Named Plaintiffs, but each of these classes likely includes between 800 and

1,500 putative class members.

### 2.    Adequacy

54.    Named Plaintiffs will fairly and adequately represent the interests of the

RICO, Oklahoma Human Trafficking, Arkansas Wage Law, Missouri Wage Law, and

Missouri Unjust Enrichment Rule 23 Classes.  Named Plaintiffs are members of these classes and were subject to the same policies and practices as the other members of those classes.  Named Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation.  Named Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the various classes and have the financial resources to do so.  Neither Named Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed classes.

### 3.      Commonality

55.      There are numerous question of law and fact common to the RICO, Oklahoma Human Trafficking, Arkansas Wage Law, Missouri Wage Law, and Missouri Unjust Enrichment Rule 23 Classes.  These questions include, but are not limited to, the following: (1) Whether the practices complained of herein are unlawful; (2) whether the practices alleged herein to be in violation of the FLSA were willful; (3) whether the actions complained of herein constitute holding persons to involuntary servitude; and, if so, (4) whether defendants CAAIR, Simmons Foods, and Simmons Pet Food conspired with defendant Wilkerson to conduct the affairs of CAAIR through a pattern of racketeering activity.

### C.      Propriety of Certification Under FRCP 23(b)(3)

### 1.      Predominance

56.      Questions of law and fact common to class members predominate over any questions affecting only individual members.  The predominant issues in this litigation

will be whether the common practices of the defendants violate the FLSA, the RICO Act, and the laws of Oklahoma, Arkansas, and Missouri.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.

### 2.    Superiority

57.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims.  Prosecution of this case as a class action will permit a large number of injured parties to pursue their common claims in a single forum, at the same time, which will promote efficiency, prevent duplication of evidence and efforts, and preserve judicial resources and the resources of the parties.  A class action will avoid potentially inconsistent results in numerous individual trials or other judicial actions.  Further, class treatment is the only realistic means by which Named Plaintiffs and the proposed class members can effectively litigate against a large, well-represented corporate entities like defendants.  In the absence of a class action, the defendants will be unjustly enriched by the retention of the fruits and benefits of their unlawful conduct.  A multiplicity of repetitive individual actions would also place an enormous burden on the courts.

/  /  /

/  /  /

/  /  /

/  /  /

## XIII.  CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wages in Violation of the FLSA**
**29 U.S.C. § 206(a)**
**(Brought by Named Plaintiffs on Behalf of the FLSA Class Against Defendants**
**CAAIR, Simmons Foods, and Simmons Pet Food)**

58.     Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

59.     At all times material herein, the FLSA Named Plaintiffs and each member of the FLSA Class have been entitled to the rights, protections, and benefits provided by the FLSA, 29 U.S.C. § 201, *et seq.*

60.     As alleged herein, defendants CAAIR, Simmons Foods, and Simmons Pet Food have violated the FLSA, including 29 U.S.C. § 206(a), by failing to pay minimum wages.

61.     As a direct and proximate result of these defendants's failure to pay minimum wages in violation of the FLSA, Named Plaintiffs and the members of the FLSA Class have been injured and have sustained damages, including lost compensation, in an amount to be proved at trial.

62.     Defendants CAAIR, Simmons Foods, and Simmons Pet Food have acted neither in good faith nor with reasonable grounds to believe that their actions complied with the FLSA.  Accordingly, Named Plaintiffs and the FLSA Class are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).  Alternatively, should the Court find that these defendants acted in good faith, Named Plaintiffs and the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

63.     Accordingly, pursuant to 29 U.S.C. § 216(b), Named Plaintiffs seek, on behalf of themselves and the FLSA Class, damages, liquidated damages, interest, attorney's fees, costs, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages in Violation of the FLSA**
**29 U.S.C. § 207(a)**
**(Brought by Named Plaintiffs on Behalf of the FLSA Class Against Defendants CAAIR, Simmons Foods, and Simmons Pet Food)**

64.     Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

65.     At all times material herein, the FLSA Named Plaintiffs and each member of the FLSA Class have been entitled to the rights, protections, and benefits provided by the FLSA, 29 U.S.C. § 201, *et seq.*

66.     As alleged herein, Named Plaintiffs and the members of the FLSA class have worked, and continue to work, on a regular basis, more than 40 hours a week.

67.     As alleged herein defendants CAAIR, Simmons Foods, and Simmons Pet Food have failed to pay Named Plaintiffs and the members of the FLSA Class any compensation when they work more than 40 hours in a week, and have thereby violated the FLSA, including 29 U.S.C. § 207(a).

68.     As a direct and proximate result of these defendants' failure to pay overtime wages in violation of the FLSA, Named Plaintiffs and the members of the FLSA Class have been injured and have sustained damages, including lost compensation, in an amount to be proved at trial.

69.     Defendants CAAIR, Simmons Foods, and Simmons Pet Food have acted neither in good faith nor with reasonable grounds to believe that their actions complied with the FLSA.  Accordingly, Named Plaintiffs and the FLSA Class are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).  Alternatively, should the Court find that these defendants acted in good faith, Named Plaintiffs and the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

70.     Accordingly, pursuant to 29 U.S.C. § 216(b), Named Plaintiffs seek, on behalf of themselves and the FLSA Class, damages, liquidated damages, interest, attorney's fees, costs, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### Violation of the RICO Act
### 18 U.S.C. §§ 1961 and 1962(c)
### (Brought by Named Plaintiffs on Behalf of the RICO Rule 23 Class Against Defendant Janet Wilkerson)

71.     Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

72.     As alleged herein, defendant Janet Wilkerson has conducted the affairs of CAAIR through a pattern of racketeering activity (namely, holding persons in involuntary servitude) in violation of 18 U.S.C. § 1962(c).

73.     As a direct and proximate result of this conduct, Named Plaintiffs and the members of the RICO Rule 23 Class have been injured in an amount to be proved at trial.

74.     Accordingly, pursuant to 18 U.S.C. § 1964(c), Named Plaintiffs seek treble damages, attorney's fees, and costs on behalf of themselves and the members of the

RICO Rule 23 Class.

## FOURTH CAUSE OF ACTION
### Violation of the RICO Act
### 18 U.S.C. §§ 1961 and 1962(d)
**(Brought by Named Plaintiffs on Behalf of the RICO Rule 23 Class Against Defendants CAAIR, Simmons Foods, and Simmons Pet Food)**

75.    Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

76.    As alleged herein, defendant Janet Wilkerson has conducted the affairs of CAAIR through a pattern of racketeering activity (namely, holding persons in involuntary servitude) in violation of 18 U.S.C. § 1962(c).

77.    As alleged herein, defendants CAAIR, Simmons Foods, and Simmons Pet Food have conspired with defendant Wilkerson in this conduct in violation of 18 U.S.C. § 1962(d).

78.    As a direct and proximate result of this conduct, Named Plaintiffs and the members of the RICO Rule 23 Class have been injured.

79.    Accordingly, pursuant to 18 U.S.C. § 1964(c), Named Plaintiffs seek treble damages, attorney's fees, and costs on behalf of themselves and the members of the RICO Rule 23 Class.

## FIFTH CAUSE OF ACTION
### Human Trafficking for Labor
### Okl. St. § 748
**(Brought by Named Plaintiffs on Behalf of the Oklahoma Human Trafficking Rule 23 Class Against Defendants CAAIR, Simmons Foods, and Simmons Pet Food)**

80.    Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

81.     As alleged herein, defendants CAAIR, Simmons Foods, and Simmons Pet Food have knowingly engaged in human trafficking and human trafficking for labor, as those terms are defined by Okl. St. § 748(A)(4)-(5), in violation of Okl. St. § 748(B).

82.     As a direct and proximate result of this conduct, Named Plaintiffs and the members of the Oklahoma Human Trafficking Rule 23 Class have been injured in an amount to be proved at trial.

83.     The conduct of defendants CAAIR, Simmons Foods, and Simmons Pet Food as alleged herein has resulted in serious damage to the public welfare; has resulted in substantial profit to defendants in excess of $10,000,000; has been ongoing for an extended period exceeding eight years; was undertaken with the full knowledge of defendants; and was perpetrated by a substantial number of defendants' employees.

84.     Accordingly, pursuant to Okl. St. § 748.2(B), Named Plaintiffs seek actual damages, punitive damages, attorney's fees, and costs on behalf of themselves and the members of the Oklahoma Human Trafficking Rule 23 Class.

### SIXTH CAUSE OF ACTION
**Failure to Pay Minimum Wages in Violation of Arkansas Law**
**A.C.A. § 11-4-210(a)**
**(Brought by Named Plaintiffs on Behalf of Arkansas Wage Law Rule 23 Class**
**Against Defendants CAAIR, Simmons Foods, and Simmons Pet Food)**

85.     Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

86.     As alleged herein, defendants CAAIR, Simmons Foods, and Simmons Pet Foods have failed to pay Named Plaintiffs and the Members of the Arkansas Wage Law Rule 23 Class minimum wages in violation of A.C.A. § 11-4-210(a).

87.     As a direct and proximate result of this conduct, Named Plaintiffs and the members of the Arkansas Wage Law Rule 23 Class have been injured in an amount to be proved at trial.

88.     Accordingly, pursuant to A.C.A. § 11-4-218(a), Named Plaintiffs seek damages, liquidated (double) damages, attorney's fees, and costs on behalf of themselves and the members of the Arkansas Wage Law Rule 23 Class.

**SEVENTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages in Violation of Arkansas Law**
**A.C.A. § 11-4-211(a)**
**(Brought by Named Plaintiffs on Behalf of Arkansas Wage Law Rule 23 Class**
**Against Defendants CAAIR, Simmons Foods, and Simmons Pet Food)**

89.     Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

90.     As alleged herein, defendants CAAIR, Simmons Foods, and Simmons Pet Foods have failed to pay Named Plaintiffs and the Members of the Arkansas Wage Law Rule 23 Class overtime wages in violation of A.C.A. § 11-4-211(a).

91.     As a direct and proximate result of this conduct, Named Plaintiffs and the members of the Arkansas Wage Law Rule 23 Class have been injured in an amount to be proved at trial.

92.     Accordingly, pursuant to A.C.A. § 11-4-218(a), Named Plaintiffs seek damages, liquidated (double) damages, attorney's fees, and costs on behalf of themselves and the members of the Arkansas Wage Law Rule 23 Class.

/ / /

/ / /

## EIGHTH CAUSE OF ACTION
### Failure to Pay Minimum Wages in Violation of Missouri Law
### § 290.502 R.S.Mo.
### (Brought by Named Plaintiffs on Behalf of Missouri Wage Law Rule 23 Class Against Defendants CAAIR, Simmons Foods, and Simmons Pet Food)

93.     Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

94.     As alleged herein, defendants CAAIR, Simmons Foods, and Simmons Pet Foods have failed to pay Named Plaintiffs and the Members of the Missouri Wage Law Rule 23 Class minimum wages in violation of § 290.502 R.S.Mo.

95.     As a direct and proximate result of this conduct, Named Plaintiffs and the members of the Missouri Wage Law Rule 23 Class have been injured in an amount to be proved at trial.

96.     Accordingly, pursuant to § 290.527 R.S.Mo., Named Plaintiffs seek damages, liquidated (double) damages, attorney's fees, and costs on behalf of themselves and the members of the Arkansas Wage Law Rule 23 Class.

## NINTH CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of Missouri Law
### § 290.505 R.S.Mo.
### (Brought by Named Plaintiffs on Behalf of Missouri Wage Law Rule 23 Class Against Defendants CAAIR, Simmons Foods, and Simmons Pet Food)

97.     Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

98.     As alleged herein, defendants CAAIR, Simmons Foods, and Simmons Pet Foods have failed to pay Named Plaintiffs and the Members of the Missouri Wage Law Rule 23 Class overtime wages in violation of § 290.505 R.S.Mo.

99.     As a direct and proximate result of this conduct, Named Plaintiffs and the members of the Missouri Wage Law Rule 23 Class have been injured in an amount to be proved at trial.

100.    Accordingly, pursuant to § 290.527 R.S.Mo., Named Plaintiffs seek damages, liquidated (double) damages, attorney's fees, and costs on behalf of themselves and the members of the Arkansas Wage Law Rule 23 Class.

**TENTH CAUSE OF ACTION**
**Unjust Enrichment in Violation of Missouri Common Law**
**(Brought by Named Plaintiffs on Behalf of Missouri Unjust Enrichment Rule 23 Class Against Defendants CAAIR, Simmons Foods, and Simmons Pet Food)**

101.    Named Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

102.    As alleged herein, defendants CAAIR, Simmons Foods, and Simmons Pet Food have failed to pay Named Plaintiffs and the Members of the Missouri Unjust Enrichment Class wages for their hours worked.

103.    As a result of this conduct, Named Plaintiffs and the Members of the Missouri Unjust Enrichment Rule 23 Class were forced to forfeit money for the benefit of these defendants, and these defendants thus knowingly and willingly obtained monetary benefits to which they were not entitled.

104.    Under these circumstances, it would be inequitable for these defendants to retain these monetary benefits at the expense of Named Plaintiffs and the Members of the Missouri Unjust Enrichment Rule 23 Class.

105.    By engaging in this conduct, defendants CAAIR, Simmons Foods, and Simmons Pet Foods have been unjustly enriched at the expense of Named Plaintiffs and

the Members of the Missouri Unjust Enrichment Rule 23 Class, and are required, in

equity and good conscience, to compensate said plaintiffs for harm suffered as a result of

these actions.

106.   As a direct and proximate result of this unjust enrichment, Named Plaintiffs

and the members of the Missouri Unjust Enrichment Class have suffered injury and are

entitled to reimbursement, restitution, and disgorgement by of the benefit conferred by

said plaintiffs.

## IX.   PRAYER FOR RELIEF

107.   WHEREFORE, Named Plaintiffs, on behalf of themselves and the

members of the FLSA Class, pray for relief as follows:

a.   Designation this action as a collective action on behalf of the

proposed FLSA Class, and prompt issuance of notice to all class members apprising them

of the pendency of this action and their right to join pursuant to 29 U.S.C. § 216(b);

b.   A declaration that defendants CAAIR, Simmons Foods, and

Simmons Pet Food are financially responsible for sending notice to all members of the

FLSA Class;

c.   Designation of Aiman-Smith & Marcy as the attorneys representing

the putative collective action plaintiffs;

d.   Declaratory judgment that the practices complained of herein are

unlawful under the FLSA;

e.   An award of unpaid minimum and overtime wages and liquidated

damages to be paid by defendants CAAIR, Simmons Foods, and Simmons Pet Food to

the FLSA Class;

      f.     Costs and expenses of this action, including reasonable expert and attorney's fees;

      g.     Pre-judgment and post-judgment interest, as provided by law; and

      h.     Any and all further legal and equitable relief deemed necessary, just, and proper by this Court.

108.    And WHEREFORE, Named Plaintiffs, on behalf of themselves and all members of the Rule 23 Classes, pray for relief as follows:

      a.     Certification of this action as a class action pursuant to FRCP 23;

      b.     Designation of Named Plaintiffs as representatives of the Rule 23 Classes;

      c.     That defendants, at their own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Rule 23 Classes;

      d.     That defendants be ordered to pay all amounts owed to the Rule 23 Classes arising out of the actions complained of herein, including wages, damages, liquidated damages, punitive damages, penalties, interest, and costs;

      e.     That this Court determine, and provide declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

      f.     For attorney's fees as provided by statutory and common law;

      g.     For such other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**TRACY A. CINOCCA, P.C.**

By:    *Tracy A. Cinocca*

Tracy A. Cinocca (Bar No. 17850)
10026-A S. Mingo Rd., Suite 238
Tulsa, OK 74133
T 918.488.9117
tcinocca@cinoccalaw.com

*Attorneys for Plaintiffs and all other similarly
situated*

**AIMAN-SMITH & MARCY**

By:    *Carey A. James*

Carey A. James (CA Bar No. 269270)
Randall B. Aiman-Smith (CA Bar No. 124599)
Reed W.L. Marcy (CA Bar No. 191531)
Hallie Von Rock (CA Bar No. 233152)
Brent A. Robinson (CA Bar No. 289373)
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com
bar@asmlawyers.com

*Attorneys for Plaintiffs and all other similarly
situated*